# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv143

| | |
|---|---|
| ESTATE OF KITTY CHRISTINE SLUDER, Deceased, and BOBBY CROWE, ADMINISTRATOR )))) | |
| Plaintiffs, )) | |
| Vs. ) | ORDER |
| CHEREKEE ENTERPRISES, INC., ))) | |
| Defendant. )) | |

**THIS MATTER** is before the court on plaintiffs Motion to Transfer Back to State Court (#8), which the court deems to be a Motion to Remand. For cause, plaintiffs have shown the court that the subject matter jurisdiction upon which removal was based no longer exists.

A court may have jurisdiction over the parties and subject matter of the litigation where, as here, one of the defendants was *eo nominee* the United States of America. 28 U.S.C. § 1442. Remand is based on "the principles of comity which underlie § 1446(b)." Zumas v. Owens-Corning Fiberglass Corp., 907 F.Supp. 131, 134 (D.Md.1995). Removal provides the mechanism for a party to assert the jurisdictional right, as the United States has properly done. Where a case is removed under Section 1446, it may be remanded only in accordance with Section 1447, which governs procedure after removal. Thermetron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584 (1976).

Section 1447(c), in turn, provides for remand <u>only</u> in situations where it appears that there is a defect in the removal procedures or if the court finds that it lacks subject matter jurisdiction. A case properly removed from state to federal court within the federal court's

-1-

jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute. Thermetron Products, 96 S.Ct., at 590 n. 9.

Having considered such motion and it appearing to this court that it no longer has original jurisdiction over this matter inasmuch as the Eastern Band of Cherokee Indians, *eo nominee*, the United States of America, has been dismissed, and that counsel for the remaining defendant has informed the court that it does not object to the proposed remand, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Remand (#8) is **GRANTED.**

**IN ACCORDANCE** with 28, United States Code, Section 1447(c), this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, Haywood County, for disposition.

**THE CLERK OF THIS COURT** is respectfully instructed to certify a copy of this Order and the pleadings in this matter to the Superior Court and to **NOT** withhold the execution of this Order for 10 days, inasmuch as all parties have no objection to remand.

Signed: June 8, 2006

_____
Dennis L. Howell
United States Magistrate Judge